# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE MOORE,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Respondent. | Case No.: 03-CR-0850 W<br>　　　　　　18-CV-2867<br><br>**ORDER DENYING APPOINTMENT OF COUNSEL [DOC. 1045]** |

　　　　Petitioner Kenneth Wayne Moore has filed an untitled document, which he refers to as "a reply" in the opening sentence. (*See Untitled Doc.* [Doc. 1045] p.1.) In the document, Moore contends "this Court should have given an appointed attorney to him on December 20, 2018 when [this Court] re-opened the 2003 criminal case 03-cr-850-W and dismissed the original case number 18-cv-1560-CAB-NLS." (*See id.*) Moore then "demand[s] a Court Appointed Attorney to timely reply to the deliberate and wrongful claims solely using Criminal citations in a civil 28 U.S.C. § 2255 Petition by the Respondent of the United States." (*Id.* p. 2.) Based on these statements, the Court construes the untitled document as a motion for appointment of counsel.

1

Moore's request for appointment of counsel is based on his contention that this is a criminal proceeding, which was re-opened by this Court on December 20, 2018. This contention is incorrect.

As demonstrated by the docket, on December 20, 2018, this proceeding was initiated when Moore filed the pending Motion to Vacate under 28 U.S.C. § 2255 (the "Petition"). (*See Petition* [Doc. 1021].) Because the Petition relates to his conviction and sentence in criminal case 03-cr-850 (*see Petition* p.1), the Petition was filed in the same criminal-case docket (as well as in the docket of the newly opened civil case, 18-cv-2867). Thus, this Court did not "re-open" his criminal case. Rather, Moore "opened" this section 2255 proceeding.[1] There is no constitutional right to counsel in a section 2255 proceeding. See United States v. McGee, 177 Fed.Appx. 550, 551 (9th Cir. 2006) (citing Hivala v. Wood, 195 F.3d 1098, 1104 (9th Cir. 1999). Accordingly, Moore's request for appointment of counsel is **DENIED**.

Finally, this Court previously granted Petitioner an extension of time until July 19, 2019 to respond to Respondent's opposition to his Petition. (*See Order* [Doc. 1040].) Given Petitioner's request for appointment of counsel less than one week before his response is due, the Court will **EXTEND** Petitioner's deadline to file his reply. Accordingly, Petitioner's response is due **on or before August 23, 2019**. Petitioner is cautioned, however, that no further extensions will be granted.

**IT IS SO ORDERED**.

Dated: July 17, 2019

Hon. Thomas J. Whelan
United States District Judge

---

[1] Moore also contends this Court "dismissed the original Case number 18-cv-1560-CAB-NLS." (*Untitled Doc.* p. 1.) That case was not dismissed by this Court, but instead was "terminated" by the district judge presiding over the case on September 19, 2018. (*See Order* [Doc. 8] in 18-cv-1560.)

2